## Johnston Estate

*High, Swartz, Childs & Roberts,* for accountants.
*Markel & Sullivan,* for claimants.

TAXIS, P. J., July 29, 1958.—The first and final account of A. Virginia McDermott and Robert J. Johnston, Jr., administrators c. t. a., was examined and audited by the court on March 7, 1958. . . .

McMullin and McMullin, real estate brokers, Ardmore, presented their claim of $1,250 for commissions allegedly due them in connection with the sale of premises 510 Montgomery Avenue. The claim was denied and counsel for the parties have executed a stipulation of facts which has been submitted and made a part of the record. From this stipulation the following facts appear.

Alma V. Johnston, decedent, was a widow prior to her death. On September 16, 1952, the Common Pleas Court of Montgomery County adjudged her to be mentally incompetent and appointed The Bryn Mawr Trust Company as guardian of her estate.

At the time she was adjudicated an incompetent Alma V. Johnston was the owner of 510 Montgomery Avenue, Haverford. The Bryn Mawr Trust Company as guardian of the estate of Alma V. Johnston engaged the real estate firm of McMullin and McMullin

to secure a tenant. This they did and, on behalf of the guardian, entered into a written lease dated August 19, 1953, wherein they as agents for the guardian leased the property to a John D. Wentz and Emily M. Wentz, his wife. The lease was approved by The Bryn Mawr Trust Company as guardian, and on the reverse side contained a printed clause which provided as follows:

"Should said Tenant purchase the demised premises from the Landlord during the term of this lease, or during a renewal, extension, or any additional lease between said parties for the demised premises, or within a reasonable period of time after the expiration of any such lease, the Landlord agrees to pay to McMullin & McMullin at the time of settlement, a Sales Commission of Five Per Cent (5%) based on the purchase price."

In accordance with the provisions contained in the lease the tenants entered into possession of the premises and the rental payments in the amount of $200 per month were regularly made to McMullin and McMullin, agents for the guardian, The Bryn Mawr Trust Company.

Alma V. Johnston died on July 24, 1956. Upon her death, Robert J. Johnston, Jr., and A. Virginia McDermott, son and daughter, qualified as administrators c. t. a. and in due course notified McMullin and McMullin of their appointment.

After the death of Alma V. Johnston, McMullin and McMullin tried to sell the premises 510 Montgomery Avenue to the tenants but they were unsuccessful.

After the death of Alma V. Johnston, McMullin and McMullin continued to collect the rental payments for the premises and to transmit the payments to The Bryn Mawr Trust Company until they were notified by letter dated August 24, 1956, to transmit future rental collections either to Robert J. Johnston, one of

the administrators, or to counsel for the administrators.

The last rental payment collected by McMullin and McMullin as agents was on May 1, 1957, in the amount of $40.

On May 24, 1957, the premises 510 Montgomery Avenue, Haverford, were sold by the administrators to John D. Wentz and Emily M. Wentz, his wife, for a consideration of $25,000. The grantees named in the deeds were the same persons who were tenants under the lease executed by McMullin and McMullin as agents of The Bryn Mawr Trust Company, guardian of the estate of Alma V. Johnston.

The claim of McMullin and McMullin is without merit and is herewith dismissed.

Claimants, in order to succeed against the estate of Alma V. Johnston must base their recovery, if at all, on the contract of employment with the personal representatives of the estate, not on a contract of agency with the guardian of the incompetent.

There is no doubt that as between guardian and agent this agreement may have been binding and enforceable since the court, by decree dated November 7, 1952, ratified and approved this lease containing the provision quoted above. However, this agency agreement or contract of hiring was terminated by the death of the principal in circumstances clearly establishing that the agency was not an agency coupled with an interest: Grant Estate, 37 Del. Co. 357, 359; A. L. I. Restatement of the Law of Agency, §453, comment (b); 146 A. L. R. 828; 8 Am. Jur. §48, Brokers.

No new agency agreement or contract of employment between claimants and the personal representatives was established and in such circumstances it is incumbent upon the broker to seek reëmployment from the personal representatives, which he has failed to establish.

But, even assuming arguendo, such rehiring by the personal representatives, it is clear that the broker was not the efficient cause of the sale. On the contrary, the meager evidence on this record indicates that the personal representatives were such efficient cause. . . .

And now, July 29, 1958, this adjudication is confirmed nisi.